# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

___

SHANTWANA CALLAHAN,

    Plaintiff,

v.

                      CIVIL ACTION NO.

MEDICAL REHABILITATION CENTERS, LLC
d/b/a EXCEPTIONAL LIVING CENTERS,

    Defendant.

___

## COMPLAINT
___

NOW COMES the Plaintiff, Shantwana Callahan, by and through her attorneys, McDonald Law Firm, LLC, and as and for her Complaint against the Defendant, Medical Rehabilitation Centers, LLC d/b/a Exceptional Living Centers, alleges and shows to the court as follows:

## NATURE OF THE ACTION

This action arises under Title VII of the Civil Rights Act of 1964 (hereinafter, "Title VII"), as amended, to correct unlawful employment practices based upon sex and opposition to sexual harassment in the workplace, and to provide appropriate relief to the Plaintiff who was adversely affected by such practices. Plaintiff seeks a permanent injunction against Defendant, lost wages, employment benefits, and other compensation, compensatory damages, punitive damages, costs, attorney's fees, and any other such relief the Court may deem appropriate.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is proper pursuant to 28 USC §1331. This action is authorized and instituted pursuant to Sections 703 and 704 of Title VII, 42 USC §2000e-2 et seq.

2. Venue is proper in this Court pursuant to 28 USC §1391(b) and (c). The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin, and the employment records relevant to such practices are maintained and administered within the Eastern District of Wisconsin.

## PARTIES

3. The Plaintiff, Shantwana Callahan ("Callahan"), is an adult resident of the State of Wisconsin with a residence located at 11905 W Locust Street, Wauwatosa, WI 53222.

4. The Defendant, Medical Rehabilitation Centers, LLC d/b/a Exceptional Living Centers ("ELC"), is a foreign limited liability company with a long-term care facility located at 9047 W Greenfield Avenue, Milwaukee, WI 53214. ELC's registered agent is W. Thomas Watts, 9047 Greenfield, Ave., West Allis, WI 53214.

## STATEMENT OF FACTS

5. Callahan became employed with ELC as an RN Supervisor on October 25, 2023.

6. Callahan reported directly to the Director of Nursing, Assistant Administrator (Devon Moore), and Administrator throughout her employment.

7. Moore possessed the authority to hire, fire, demote, promote, increase/decrease hours, discipline, and take other actions that affected the terms and conditions of Callahan's (and other employees') employment.

8. Shortly after Callahan became employed with ELC, Moore began subjecting her to near-daily sexual harassment.

9. Callahan did not consent to or in any way welcome the harassment.

10. Throughout 2023 and 2024, Callahan repeatedly rejected Moore's sexual advances and objected to his sexual comments.

11. The harassment included, but was not limited to, sexual comments and physical touching.

12. Moore's verbal harassment included, but was not limited to, asking Callahan for sex, talking about sex, telling Callahan in graphic detail how he intended to perform oral sex on her, asking Callahan if he could squeeze her breasts, and other similarly disgusting and degrading comments.

13. After the Thanksgiving Holiday in November 2023, Callahan was working the 1st floor of 1 Center North in the morning hours. Moore walked up to Callahan and asked, "Do you want me to tell you what I will do to you?" Callahan immediately replied "No, I don't." Despite Callahan saying no, Moore proceeded to state "I will lick your pussycat from the front to the back while my chains hit your booty hole and have your legs shaking."

14. In early December, 2023 Callahan was standing by the nurse's station when Moore walked by and lifted up the side of her. Callahan, upset, asked, "Why would you pull up my shirt like that?" Moore angrily replied, "Why would you say that out loud?" Callahan told Moore, "You really need to leave me alone."

15. Moore did not leave Callahan alone and the harassment continued.

16. Around December 12th, 2023, Callahan was at the nurse's station desk with her back turned, facing the computer, working. Callahan felt a hard squeeze on the left side of her neck and shoulders in the back. She turned around and saw Moore standing over her. Upset, Callahan said "Why would you do that? That hurts me!" Moore replied, "I was just playing with you, trying to massage; I wasn't trying to hurt you."

17. On or around December 20th, 2023, Callahan was working on the first-floor vent unit alone. Moore walked into the nursing area and stated to Callahan, "I need some pussycat, and I want my whole face wet!" Callahan walked away.

18. Later that day, Moore approached Callahan for a second time and asked Callahan for a hug. Callahan denied the request.

19. On another occasion, Moore asked Callahan if he could squeeze her breasts. Callahan replied "No, you cannot."

20. On or around January 10th, 2024, Moore made a sexual gesture with his hands toward Callahan. Callahan objected to the gesture and told him to stop.

21. On January 10, 2024, Moore placed Callahan on "suspension pending investigation" allegedly related to an incident involving a client.

22. In reality, there was no incident involving a client. Moore used the alleged incident as retaliation against Callahan for refusing to engage in sexual acts with him and for opposing his sexual conduct in the workplace.

23. Callahan asked ELC's human resources department about the suspension and was told that they were unaware of any suspension; that they had no idea that Callahan had been placed on suspension or was being investigated.

24. There was no investigation into the alleged incident.

25. Callahan reported Moore's sexual misconduct and retaliatory actions on January 15, 2024.

26. A formal complaint was drafted by HR Representative Tasha Davis and submitted to the corporate human resources department.

27. ELC refused to place Callahan on the schedule following her complaint of sexual harassment and retaliation.

28. ELC terminated Callahan's employment.

29. Callahan filed a Discrimination Complaint with the State of Wisconsin Department of Workforce Development, Equal Rights Division (DWD-ERD) (ERD Case No. CR202400500), on February 26, 2024 alleging discrimination based upon sex and opposition to discrimination.

30. The DWD-ERD claim was cross filed with the U.S. Equal Employment Opportunity Commission and given EEOC Case No. 26G-2024-00727.

31. On September 30, 2025, Callahan requested dismissal of the DWD-ERD claim and asked the U.S. Equal Employment Opportunity Commission to issue a Right to Sue Letter.

32. On January 2, 2026, the U.S. Equal Employment Opportunity Commission issued a Notice of Right to Due related to EEOC Case No. 26G-2024-00727.

## STATEMENT OF CLAIMS

### DISCRIMINATION, HARASSMENT, AND RETALIATION UNDER TITLE VII

33. Callahan incorporates paragraphs 1-32 as if fully set forth herein.

34. Callahan is a member of a protected class as she is female and opposed sexual harassment in the workplace.

35. Callahan was subjected to inappropriate and unwelcome sexual comments and touching in the workplace by Moore.

36. The sexual harassment to which Callahan was subjected was severe.

37. The sexual harassment to which Callahan was subjected was pervasive.

38. The harassment to which Callahan was subjected would be deemed offensive to a reasonable person.

39. Callahan considered the harassment to which she was subjected offensive.

40. Callahan opposed sexual harassment in the workplace and was subjected to further harassment and negative treatment by Moore.

41. Callahan's work environment became hostile and unbearable as a result of the sexual harassment and opposition to sexual harassment.

42. ELC engaged in or permitted sexual harassment by permitting Moore, the Assistant Administrator, to subject Callahan to continuous unwelcome sexual comments and touching.

43. ELC created a hostile work environment for Callahan by permitting Moore, the Assistant Administrator, to subject Callahan to continuous unwelcome sexual comments and touching.

44. ELC and Moore retaliated against Callahan by placing her on suspension and terminating her employment because she opposed sexual harassment in the workplace.

45. ELC and Moore engaged in quid pro quo sexual harassment by conditioning favorable employment treatment on Callahan engaging in sexual conduct with Moore.

46. ELC's conduct as alleged herein was done intentionally and with reckless disregard for Callahan's federally protected rights.

47. Callahan has suffered mental pain and anguish as a result of ELC's unlawful conduct.

# PRAYER FOR RELIEF

A. Grant a permanent injunction against the Defendant and its officers, assigns and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of conduct made unlawful by Title VII.

B. Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for persons of each sex and those who oppose conduct made unlawful by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Callahan by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order the Defendant to make whole Callahan by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the foregoing paragraphs in amounts to be determined at trial.

E. Order the Defendants to make whole Callahan by providing compensation for past and future non-pecuniary losses, including, but not limited to, emotional pain, suffering, inconvenience and mental anguish resulting from the unlawful practices complained of in the foregoing paragraphs in amounts to be determined at trial.

F. Order the Defendants to compensate Callahan for the attorney's fees and costs she has incurred as a result of bringing this action.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMANDED

The Plaintiff, Shantwana Callahan, requests a jury trial on all questions of fact raised by this complaint.

Dated on this 11th day of February, 2026.

                                    **MCDONALD LAW FIRM, LLC**
                                    Attorneys for Plaintiff

By:   s/Shannon D. McDonald
        Shannon D. McDonald
        WI State Bar No. 1036954
        N96W18221 County Line Rd. #200
        Menomonee Falls, WI 53051
        Direct: (262) 252-9123
        Office: (262) 252-9122
        Fax:    (414) 395-8773
        sdm@themklaw.com